**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4707**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

        v.

JUSTICE DEVON PRICE, a/k/a Kithe,

       Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever, III, Chief District Judge. (7:14-cr-00078-D-2)

Submitted: June 20, 2017                           Decided: June 22, 2017

Before SHEDD, WYNN, and DIAZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Raymond C. Tarlton, TARLTON POLK PLLC, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Justice Devon Price seeks to appeal his conviction and sentence. He argues that his guilty plea was not knowing and voluntary because the district court did not specifically inform him that he had the right to argue for a downward variant sentence and further argues that the court erred in failing to grant a downward variance. The Government has filed a response brief, requesting that the court dismiss the appeal as barred by Price's waiver of the right to appeal included in the plea agreement. Upon review of the plea agreement in the district court record and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Price knowingly and voluntarily entered his guilty plea and waived his right to appeal and that the sentencing issue Price seeks to raise on appeal falls squarely within the compass of his waiver of appellate rights.* Accordingly, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

* To the extent any error resulted from the district court's failure to explicitly inform Price at the Rule 11 hearing that he had a right to argue for a downward variant sentence or in statements made by the court at arraignment, the errors were harmless.